IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TORUS NATIONAL INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MONAVIE, INC., ET AL.,<br><br>　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT JESSOP'S MOTION TO DISMISS<br><br><br><br>Case No. 2:16-CV-48 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Defendant Kelly Jessop's Motion to Dismiss or in the Alternative, to Stay. The Court will deny Defendant Jessop's Motion for the reasons more fully addressed below.

I. BACKGROUND

　　　　Plaintiff filed a Complaint for Declaratory Judgment against all Defendants on January 20, 2016, seeking a declaration that it has no duty to defend or indemnify Defendants MonaVie, Inc., Dallin Larsen, Randy Larsen, Henry Marsh, and Kelly Jessop. Defendants are involved in a class action lawsuit currently pending in this district court (the "underlying lawsuit").[1]

　　　　Defendant Jessop filed a Motion to Dismiss or in the Alternative, to Stay on February 26, 2016. Defendant Jessop argues that this Court should dismiss the Complaint because the action does not meet the factors for exercising jurisdiction under *State Farm Fire & Cas. Co. v. Mhoon*.[2] Alternatively, Defendant requests the Court stay this action pending resolution of

---

[1] Case No. 2:14-CV-916 BSJ.
[2] 31 F.3d 979 (10th Cir. 1994).

1

Plaintiff's motion to amend the complaint in the underlying lawsuit. The motion to amend was granted on March 10, 2016. Thus, the Court need only consider whether it should exercise jurisdiction over Plaintiff's declaratory judgment action under *Mhoon*.

## II.  DISCUSSION

"The Supreme Court has long made clear that the Declaratory Judgment Act 'gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.'"[3] The Tenth Circuit directs that in deciding whether or not to hear a declaratory action, the trial court should ask,

> (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race to *res judicata*'; (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.[4]

Here, factors one and two support exercising jurisdiction. There is a substantial interest in deciding the question of the duty to defend and indemnify because such a judgment would clarify the legal relationship and settle the controversy between the parties. There is no indication that the declaratory remedy is being used for an improper purpose under factor three, and factor four is irrelevant in this matter.

Under factor five, Defendant Jessop requested an alternative remedy to stay the action pending resolution of his motion to amend in the underlying lawsuit. However, that argument is

---

[3] *Id*. at 982 (quoting *Public Affairs Assocs, Inc. v. Rickover*, 369 U.S. 111, 112 (1962)).

[4] *Id*. at 938 (quoting *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1603 (6th Cir. 1987)).

now moot because that motion has been granted. In his Reply, Defendant Jessop argues that the Court should still grant his Motion to Dismiss because the relief sought in the current Complaint "does not match the operative facts and claims set forth in the [underlying lawsuit]."[5] Plaintiff asserts that under Federal Rule of Civil Procedure 15, it may amend its Complaint to address the issue of coverage for Defendant Jessop's newly filed first amended complaint. The Court will deny Defendant's Motion to Dismiss and instead provide Plaintiff the opportunity to file a motion to amend its Complaint to address Defendant Jessop's first amended complaint in the underlying lawsuit.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant Jessop's Motion to Dismiss (Docket No. 12) is DENIED.

DATED this 19th day of April, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[5] Docket No. 14, at 2.